[No. 1634.]

FERRIER GARCIA *v.* THE STATE.

1. PRACTICE—CONTINUANCE—NEW TRIAL.—See the opinion *in extenso* for the substance of an application for a continuance, *held,* to be in strict compliance with the law, and presenting testimony material to the defense, and probably true, which application having been refused, the court, in view of the testimony adduced, should have awarded a new trial.

2. SAME—CIRCUMSTANTIAL EVIDENCE.—CHARGE OF THE COURT should explain to the jury the law of circumstantial evidence when such evidence alone is relied upon to secure a conviction.

APPEAL from the District Court of Bastrop. Tried below before the Hon. L. W. Moore.

The indictment in this case charged the appellant with the theft of two horses, the property of E. L. Norris, on the sixteenth day of May, 1883. The penalty imposed by a verdict of guilty was a term of eight years in the penitentiary.

E. L. Norris testified, for the State, that he lived about twenty miles west of San Antonio, in Bexar county, Texas. On the night of May 15, 1883, he turned his two gray horses out to graze near his place, after having worked them all that day. One of them was branded with an &, reversed, on the left shoulder; the other with the letters cc on the left shoulder, and

the device of a heart inverted, surmounted with an upturned B, on the left hip. One of them was belled. The witness hunted for these two animals all of the next day, when, not finding them, he became convinced that they had been stolen, and accordingly addressed to the several counties postal cards giving descriptions of them. After a time he received a letter from the sheriff of Caldwell county, stating that two horses answering the description had passed through Lockhart, going towards Bastrop. Ten days or two weeks later the witness received a letter from sheriff Jenkins, of Bastrop county, stating that the horses were then in Bastrop. Witness went to Bastrop immediately, and found his horses in the possession of sheriff Jenkins, who delivered them to the witness. These animals were taken without the knowledge or consent of the witness. The witness never saw the defendant before he saw him at Bastrop, at the time he recovered his horses.

Mat. Luna testified, for the State, that he lived on the Brooks Duval place, near the town of Bastrop. On or about May 20, 1883, the defendant and another Mexican named Tomas Gonzales came to the witness's house with two gray horses corresponding to the description given by the witness Norris. They remained at the witness's house two or three days, during which time the witness purchased the horse branded ⚡ from the defendant, and the other horse from Tomas Gonzales, and received from them respectively the following bills of sale:

"BASTROP, May 22, 1883.

".This is to certify that I have bargained, sold and delivered to Mat. Luna one (1) gray horse branded cc on the left shoulder, and (B turned horizontally over an inverted heart) on the left hip, about eight years old, for the sum of $45.00. This title I monarch and defend against any person claiming the same.

"TOMAS GONZALES.

"Witness: H. C. KLEINERT."

"BASTROP, Bastrop Co., May 22, 1883.

"This is to certify that I have bargained, sold and delivered to Mat. Luna, one (1) gray horse, 14 hands high, 7 years old, branded ⚡ on the left shoulder, for the sum of $40.00. This title I monarch and defend against any person claiming the same.

"FERRIER GARCIA.

"Witness: H. C. KLEINERT."

These horses the witness afterwards surrendered to Mr. Jenkins, the sheriff of Bastrop county. The defendant told the witness that he had traded for the horse branded ℀ on the left shoulder, about fifteen miles beyond San Antonio. He did not claim or sell the other horse, but was present when Tomas Gonzales sold him to the witness. Defendant and Gonzales left the witness's house together. The witness knew the defendant several years ago at San Antonio.

W. E. Jenkins, sheriff of Bastrop county, testified for the State, that he received a postal card from Norris, giving a description of the horses and saying that they were stolen, and, finding them in the possession of Mat. Luna, he seized them and notified Norris, who came to Bastrop and got them. He pursued and arrested the defendant and Tomas Gonzales at Giddings, Texas.

The defendant introduced in evidence the following bill of sale:

"SAN ANTONIO, May 17, 1883.

"Know all men by these presents, that I have this day sold to Mr. Fernando Rodriguez Garcia, one gray horse, about 14 hands high, branded thus, & (reversed) on the left hip, sold for the sum of $25.00, twenty-five dollars, money received to my satisfaction in presence of witnesses, title of said horse I guarantee and defend.

"J. R. SMITH.

"Witness:
        "FRAN'CO HERNANDEZ,
        "NICOLAS SANDOVAL,
        "RAMON CASAS."

Norris, re-introduced by the State, testified that when he came to Bastrop for his horses, he attended the examining trial of the defendant and Gonzales. They exhibited on that trial a bill of sale, giving correct descriptions of the two horses. That bill of sale was not the bill of sale exhibited on this trial. The two bills of sale were on different kinds of paper, and bore different dates. The first one—the one exhibited on the examining trial— correctly represented the & brand on the left shoulder. That now introduced incorrectly represents that brand to be on the left hip. The witness could not say that the defendant had and produced the bill of sale described on the examining trial. It may have been produced by Tomas Gonzales.

W. E. Jenkins, recalled, testified for the State that the bill of sale now offered in evidence was not the same that was produced on the examining trial. The one offered in evidence before the examining trial was on different paper and was written in a different handwriting. According to the recollection of the witness, that bill of sale embraced both horses. Witness could not recollect whether that bill of sale was produced by the defendant or by Tomas Gonzales. It was not returned to either the defendant or Gonzales, but is now lost.

The motion for new trial assigned as error the refusal of the court to grant the appellant a continuance, on the showing disclosed in the opinion of this court.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. On the night of the fifteenth of May, 1883, two horses were stolen from E. L. Norris, in Bexar county. On the twenty-second day of May, 1883, these horses were sold to one Luna, in Bastrop county. One of the horses was sold to Luna by the defendant and the other by a Mexican named Gonzales, and they executed bills of sale, respectively, to Luna. Defendant was indicted and convicted for the theft of both horses. The indictment was returned into court October 17, 1883, and the trial was had on the twenty-fourth day of October, 1883.

Defendant made an application to continue the case, which was refused. This continuance was sought because of the absence of one Ramon Casas, alleged to be a material witness in behalf of defendant, and who resided in Bexar county, Texas. On the seventeenth day of October, 1883, the day on which the indictment was returned into court, the defendant applied for and obtained an attachment for this witness to Bexar county, which attachment was returned endorsed by the sheriff of Bexar county as follows: "Came to hand on the twentieth day of October, 1883, and not executed. The within named person is not to be found, as he is temporarily absent from the county. Might return at any time; and, as the writ is returnable *instanter*, I cannot hold it over."

In his application, defendant stated that he expected to prove by this witness that he, defendant, purchased, in good faith, the

horse he sold to Luna from one J. R. Smith, on the seventeenth day of May, 1883, two days after said horse was stolen, and five days before he sold the same to Luna; and that said Smith executed to defendant a bill of sale of the horse, which bill of sale said witness signed as a witness; and that said witness was present when defendant purchased the horse. In all respects the application complied with the requirements of the law, and accompanying it, and made a part of it, was a copy of a bill of sale from one J. R. Smith to the defendant, dated May 17, 1883, witnessed by Ramon Casas, and describing the horse sold by defendant to Luna, and which was one of the stolen horses.

There can be no question but that the testimony of this witness was material to the defendant's defense. Were the facts set forth in the application probably true? If so, it was error to refuse defendant's motion for a new trial. (Code Crim. Proc., Art. 559.)

There is nothing in the evidence adduced on the trial which is inconsistent with, or which renders improbable, the claim of the defendant that he purchased the horse he sold to Luna from one Smith. It is not shown that he had possession of the other stolen horse, or was connected with the theft of it, any further than that he was in company with Gonzales, who claimed, also, to have bought it from another party. We can see no reason why it should be held that the facts set forth in the application for a continuance were not probably true. We think the court erred in refusing defendant's motion for a new trial.

This being a case of purely circumstantial evidence, it was incumbent upon the court to instruct the jury upon that character of evidence, which the court failed to do.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*